■ In the Matter of ZURICH INSURANCE COMPANY, Appellant, v NEW YORK STATE TAX COMMISSION et al., Respondents. —Harvey, J. Appeal from a judgment of the Supreme Court (Klein, J.), entered May 19, 1987 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent State Tax Commission sustaining franchise tax assessments imposed under Tax Law article 33.

The issue on appeal is whether respondent State Tax Commission correctly determined that petitioner, a foreign insurance company with a branch in this State, is required to include interest from foreign government bonds as part of its branch's net income for purposes of determining the appropriate New York franchise tax. Petitioner is a Swiss corporation established in 1872 which engaged in the casualty insurance business. Petitioner sought to enter the United States insurance market and chose New York as its port of entry into that market. In 1912, petitioner organized a United States branch under the laws of New York. Even though petitioner's United States branch has established its headquarters in Illinois, it has retained a selling office in New York and is considered an adopted domestic of this State. New York has thus acted as the lead State in supervising petitioner's United States branch and in examining its accounts. New York performs its market analysis the same as it would for a domestic insurer. New York's role as the lead State in examining petitioner's United States branch has been recognized by the other States where it does business.

Petitioner's United States branch is treated as a separate entity for tax purposes. The United States branch is also required by statute to maintain certain assets in trust for the protection of its policyholders *(see,* Insurance Law § 4103 [b]). This requirement places the branch in essentially the same position as if it were formally incorporated in this State (§ 4103 [b]). During the years 1978, 1979 and 1980, the branch's trust assets included, *inter alia,* Canadian government bonds. These bonds were listed as assets on the books of the United States branch. The bonds were physically held in either New York or Illinois and the interest payments were sent to these locations. The United States branch maintains a separate set of books from petitioner and interest earned on the bonds was credited to the United States branch. Further, expenses incurred in the earning of the interest were taken as deductions by the branch.

Petitioner did not, however, include the interest from the Canadian bonds when computing the entire net income of its branch for franchise tax purposes. The Audit Division of the State Department of Taxation and Finance issued notices of deficiency against petitioner based on the interest earned on the Canadian bonds. Petitioner protested the assessment. The Tax Commission, however, upheld the deficiencies assessed by the Audit Division. Petitioner then commenced this CPLR article 78 proceeding to review the Tax Commission's determination. Supreme Court confirmed the determination and dismissed the petition. This appeal by petitioner ensued.

Tax Law article 33 authorizes and governs the imposition of franchise taxes on insurance companies doing business in this State. Four separate formulae are provided for computation of this State's franchise tax (Tax Law § 1502). The formula applicable here measures the tax based on petitioner's entire net income (Tax Law § 1502 [a] [1]). With certain modifications, entire net income is presumed to be the same as the taxable income required to be reported to the United States Treasury Department (Tax Law § 1503). Among the specified modifications is the requirement that "[e]ntire net income shall be determined without the exclusion, deduction or credit of * * * any part of any income from dividends or interest on any kind of stock, securities or indebtedness" (Tax Law § 1503 [b] [2] [B]).

The parties do not dispute that petitioner was not required to include the interest in question as income for Federal tax purposes *(see,* 26 USC § 864 [c] [4] [A]). Petitioner argues that it was thus error for the Tax Commission to include the

Canadian bond interest as income for purposes of determining its franchise tax. Respondents contend that the interest which was excluded from Federal taxation is includible for franchise tax purposes under Tax Law § 1503 (b) (2) (B). We agree with respondents.

Franchise taxes are separate and distinct from income taxes. They are imposed on the privilege a State grants a corporation to conduct business within its territory (see, Tax Law § 1501 [a]; *Matter of Standard Mfg. Co. v Tax Commn.*, 114 AD2d 138, 140, *affd* 69 NY2d 635, *appeal dismissed* 481 US 1044). Here, the Canadian bonds were part of the assets which New York required petitioner's United States branch to maintain for the privilege of exercising its corporate functions within this State. They appear on the profit or loss and balance sheets submitted by the United States branch to the State Department of Insurance. The bonds were kept in the branch's separate account and the interest was likewise credited to the branch separate from petitioner's foreign operations. Under the circumstances present in this case, we conclude that the Tax Commission's interpretation of the relevant statutes as requiring the inclusion of the Canadian bond interest for purposes of calculating the franchise tax was not irrational.

Judgment affirmed, without costs. Weiss, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.